PELZER v. GEISE. SAME v. ACME GAS FIXTURE & METAL CO. SAME v. BUCK. SAME v. HORN & BRANNEN MFG. CO.

(Circuit Court, E. D. Pennsylvania. June 25, 1898.)

Nos. 37–39, 41.

PATENTS—PRELIMINARY INJUNCTION—EFFECT OF PRIOR DECISIONS.

The circuit court and the circuit court of appeals for the Third circuit held that several claims of an original patent were invalid. Thereafter the circuit court of appeals in the Second circuit, after duly considering such prior decision, sustained the validity of a reissue of the patent. *Held,* that, in a subsequent suit in the circuit court of the Third circuit on the reissue, the court, on motion for a preliminary injunction, would regard the decisions in the Second circuit sustaining the reissue as controlling upon it.

These were four suits instituted by complainant, Pelzer, against different defendants for alleged infringement of a patent for improvements in electrical fixtures. The causes were heard on motions for preliminary injunction.

Richard N. Dyer, for complainant.

Hector T. Fenton, Theodore F. Jenkins, and Samuel Gustine Thompson, for respondents.

DALLAS, Circuit Judge. The above-stated cases are suits upon reissued letters patent No. 11,478, granted March 12, 1893, to Luther Stieringer, for an improvement in electrical fixtures. The original (No. 259,235) was dated June 6, 1882, and was applied for March 15, 1882. A motion for a preliminary injunction has been made in each case. These motions were argued at the same time,

and may be disposed, of together. The defenses are not, in some particulars, precisely identical, but the point which has been chiefly relied upon is common to all the cases, and presents the only question which, on full consideration of the proofs, seems to me to be a serious one.

In the case of Maitland v. Archer & Pancoast Co., 72 Fed. 660, the circuit court for the Southern district of New York sustained the first claim of the reissued patent here sued upon, and in the case of Maitland v. Manufacturing Co., 29 C. C. A. 607, 86 Fed. 124, the circuit court of appeals for the Second circuit also upheld that claim. It is contended that the peculiar circumstances under which these decisions were rendered make the general rule, which would require them to be followed, inapplicable. The learned counsel for the defendants in the present suit against the Horn & Brannen Manufacturing Company conceded (as must necessarily be conceded) that a prior adjudication, made in a contested case, and after a full and final hearing, must be regarded, upon a motion for preliminary injunction, as decisive, or at least as prima facie controlling, with respect to the validity of the patent; but it is insisted that this case is an exceptional one, for the reason about to be referred to. When the original patent to Stieringer was before the court of appeals for this circuit in the case of Maitland v. Gibson, 11 C. C. A. 446, 63 Fed. 840, several of the claims of that patent were held to be invalid, and it is now argued that the courts in the Second circuit either disregarded or misunderstood that prior judgment. If this were plainly evident, it would, I think, be incumbent upon this court to adopt as authoritative the decision of the court of appeals for this circuit. But this is not plainly evident. In both of the courts of the Second circuit the decision in this one was fully considered, and the question whether or not they properly interpreted it is one, which, in my opinion, should be left for determination by the court which made it. The fact that the judgment of the court of appeals for the Third circuit was in accord with that of this court, as it is now constituted, should not, I think, induce me to enter upon an inquiry as to the purport and scope of that judgment. The courts of the Second circuit did not overlook it, and for the present purpose it is, I think, incumbent upon me to accept their conclusion, which is certainly not manifestly erroneous, without cavil or criticism. The application of the rule of comity, as it is called, is not, however, to be extended to anything more than was actually adjudged; and, as only the first claim of the reissue was passed upon, there will be a decree in each of these cases for a preliminary injunction so far as respects that claim, but not as to any of the others.